No. 568 June 25, 2025 453

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

KENNETH W. WALTERS,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A185081

Submitted May 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for petitioner.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Reversed and remanded.

**EGAN, J.**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision (board) that set petitioner's sex offender notification level at Level 3. We reverse and remand the board's final order.[1]

Petitioner acknowledges that he did not argue below that the board erred in failing to consider the time he has been in the community without sexually offending. The state does not contest exhaustion or preservation. We agree with petitioner that relaxing the exhaustion requirement is appropriate under these circumstances. *Watson v. Board of Parole*, 329 Or App 13, 19-20, 540 P3d 20 (2023).

The board concedes that it erred in assessing petitioner's risk of reoffending without considering his offense-free time in the community. We agree with and accept the concession. Under our decisions in *Thomsen v. Board of Parole*, 333 Or App 703, 554 P3d 308, *rev den*, 373 Or 81 (2024), and *Allen v. Board of Parole*, 334 Or App 447, 557 P3d 178, *rev den*, 373 Or 121 (2024), the board was required to assess petitioner's risk of reoffense as of the time of the assessment. The appropriate remedy is to reverse and remand to the board for further proceedings. *Thomsen*, 333 Or App at 717.

Reversed and remanded.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.